¶¶ 6491-6493), namely, *People v. Hartford Life Ins. Co.*, 252 Ill. 398; *People v. Commercial Life Ins. Co.*, 247 Ill. 92; *Metropolitan Life Ins. Co. v. People*, 209 Ill. 42, and *Franklin Life Ins. Co. v. People*, 200 Ill. 619, was prosecuted by the State's Attorney of the proper county in the name of the People of the State.

The statute under consideration is explicit in its terms. It provides that the penalty shall "be sued for and recovered in the name of the People of the State of Illinois, by the State's Attorney" of the proper county and that, "One-half of said penalty *when recovered* shall be paid into the treasury of said county, the other half to the informer of such violation." There can be no doubt that by those provisions every other mode of procedure to recover the penalty than a suit brought in the name of the People and by the State's Attorney is excluded. Neither can there be any doubt that the interest of the informer in the penalty begins when it is "recovered" in such a suit.

It follows that plaintiff had no right to prosecute the suit in the Municipal Court and has no right to prosecute this writ of error in this court. This writ of error is, therefore, dismissed. See *Thomas v. Franklin*, 42 Neb. 310.

*Writ of error dismissed.*

---

**John Petrey, Plaintiff in Error, v. John A. Rusk and Frank G. Clark, Defendants in Error.**

**Gen. No. 18,736.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed May 20, 1914.

### Statement of the Case.

Action by John Petrey against John A. Rusk and

Frank G. Clark for something which does not appear. The judgment was that plaintiff take nothing by his suit. To reverse the judgment, plaintiff prosecutes a writ of error.

SAMUEL G. HAMBLEN, for plaintiff in error.

WILLIAM J. KING and JAMES D. POWER, for defendants in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1752*—*when judgment will be affirmed for insufficiency of abstract.* A court of review will not go to the record to find reasons to reverse a judgment, and when such reasons do not appear in the abstract the judgment will be affirmed *pro forma.*

2. MUNICIPAL COURT OF CHICAGO, § 29*—*when sufficiency of evidence cannot be reviewed.* On writ of error to reverse a judgment of the Municipal Court where there is nothing in the abstract of record or in the argument of plaintiff in error to show what the statement of claim or affidavit of merits contained, a court of review is unable to ascertain what the issues were and is unable to determine whether the evidence supports the findings.

---

## North Avenue Building and Loan Association and William Kemper, Trustee, Appellees, v. Christina Huber et al., Defendants.

### On appeal of Christina Huber, Appellant.

### Gen. No. 18,758.

1. MORTGAGES, § 163*—*effect on right to foreclose where transfer of securities is ultra vires.* Where the legal holder of promissory notes secured by trust deed sells the same to a building and loan association and both are made party complainants to a bill to foreclose the trust deed, *held* that though the attempted purchase of the

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.